IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOM MCDONALD,<br><br>                Plaintiff,<br>v.<br><br>CHICAGO STATE UNIVERSITY,<br><br>                Defendant. | FILED: JUNE 13, 2008<br>08CV3436<br>JUDGE MANNING<br>MAGISTRATE JUDGE KEYS<br><br>YM |

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAMILY
AND MEDICAL LEAVE ACT 29 U.S.C. § 2601** *et seq.*

Plaintiff Tom McDonald, by and through his attorneys, Aaron B. Maduff and Anne J. Kim, of Maduff & Maduff, LLC, for his complaint against Defendant Chicago State University, alleges and states as follows:

**Introduction**

1. Plaintiff, Tom McDonald began working for Chicago State University as a Plant Operating Engineer in 1994. On March 31, 2008, Mr. McDonald requested intermittent FMLA leave in order to care for his father, who suffers from severe Alzheimer's Disease. On April 2, 2008, a representative from Human Resources denied Mr. McDonald the requested FMLA leave on the basis of a departmental policy that prohibited more than one person per shift to be on intermittent FMLA leave at the same time. A co-worker on the same shift who had also requested leave was granted the leave because he had seniority over Mr. McDonald.

**Parties**

2.	Plaintiff Tom McDonald (hereinafter "Plaintiff" or "Mr. McDonald") resides within the territorial jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division. At all times relevant to this Complaint, Mr. McDonald was an "eligible employee" within the meaning of 29 U.S.C. § 2611(2).

3.	Defendant Chicago State University (hereinafter "Defendant" or "CSU"), is a university whose primary place of business is located in the territorial jurisdiction of the United States District Court for the Northern District of Illinois. Defendant is and was at all times relevant to this Complaint an "eligible employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4).

### Jurisdiction

4.	This action is brought for violations of 29 U.S.C. §2601 *et seq*. Jurisdiction of this Court is founded upon 28 U.S.C. § 1331.

### Venue

5.	Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as, upon information and belief, all parties are located in this District and the facts giving rise to this cause of action occurred in this District.

### Events

6.	Plaintiff began working for CSU as a Plant Operating Engineer in 1994.

7.	On or about April 27, 2007, Plaintiff requested and was approved for intermittent FMLA leave in order to care for his father, who suffers from advanced Alzheimer's Disease and

requires around the clock care and supervision.

8. From the time that the intermittent leave was granted up through the following March 2008, Mr. McDonald used only 12-13 days of intermittent leave.

9. On or about March 31, 2008, anticipating that the previous grant of intermittent leave was about to expire, Mr. McDonald submitted another request for intermittent leave to continue to care for his father.

10. On April 2, 2008, a representative from Human Resources called Mr. McDonald and left a message stating that the requested leave was denied.

11. The HR representative cited a departmental policy allowing only one eligible employee per shift to take intermittent FMLA leave as basis for the denial, explaining that a co-worker on Mr. McDonald's shift had also requested intermittent FMLA leave and was granted the leave over Mr. McDonald because he had seniority.

12. The departmental policy was the sole reason given for the denial and at no point did CSU challenge Mr. McDonald's eligibility for the leave.

13. Mr. McDonald has made repeated requests that CSU comply with the FMLA both on his own and through counsel.

**Demand for Relief for Violations of**
**The Family and Medical Leave Act**
**29 U.S.C. § 2601 *et seq.***

14. Plaintiff restates and realleges paragraphs 1 through 13 as paragraph 14 of this Count.

15. By virtue of the foregoing, Defendant CSU violated 29 U.S.C. § 2601 *et seq.*, the Family and Medical Leave Act, by denying Plaintiff's entitlement to the intermittent FMLA leave

for which Plaintiff was eligible.

16. As a result of these violations, Plaintiff cannot provide his father with the care he requires.

17. Defendant engaged in willful disregard of Plaintiff's rights under the FMLA and therefore had no reasonable grounds for believing that the acts described above were in accordance with the FMLA. Defendant's violations were not in good faith, thereby warranting liquidated damages, if any, including interest.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant for injunctive relief, attorneys fees, liquidated damages if any, and grant such other relief as the Court deems just and equitable.

Respectfully submitted,

Tom McDonald

Aaron B. Maduff  
Atty. No. 6226932  
Anne J. Kim  
Atty. No. 6294382  
Maduff & Maduff, LLC  
One East Wacker Dr.  
Suite 2122  
Chicago, Illinois 60601  
312/276-9000

By:s/Aaron M. Maduff  
 One of his attorneys